HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENTBERRY, INC., a Delaware corporation; and DELANEY WYSINGLE, an individual,

Plaintiffs,

v.

CITY OF SEATTLE,

Defendant.

Case No. 2:18-cv-00743-RAJ

**ORDER ON THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter comes before the Court on the parties' motions for summary judgment. Dkt. ## 22, 26. For the reasons below, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiffs' motions.

## II. BACKGROUND

Concerned about the effect of auctioning technology on their ability to find affordable housing, students at the University of Washington petitioned the Seattle City Council (the "City Council") in January 2018. Dkt. # 27, ¶ 2; Dkt. # 27-1. They called on the City Council to enact legislation banning the use of "online bidding services" to set rent prices within its borders. *Id.*; Dkt. # 27-2. After considering the matter, the City Council passed Ordinance No. 125551 (the "ordinance") in March 2018. Dkt. # 22-1. The ordinance adds Section 7.24.090 to the Seattle Municipal Code, which reads in part: "Landlords and potential tenants are prohibited from using rental housing bidding platform for real property located in Seattle city limits." Dkt. # 22-1 at 6. The ordinance expires

ORDER – 1

automatically after one year unless the City Council exercises its authority under Section 7.24.090.C to extend the prohibition for an additional twelve months. *Id*. Section 7.24.090.C permits an extension if Defendant City of Seattle requests more time to complete its study into the potential effects of auctioning technology on the Seattle rental market. *Id.*

Plaintiff Rentberry, Inc. is a startup company that uses bidding technology to assist landlords and potential tenants in facilitating rental transactions. Dkt. # 22-5, ¶ 2. Rentberry claims that it would open its website to Seattle property listings but for the ordinance. *Id*. Plaintiff Delaney Wysingle owns a rental property in Seattle. Dkt. # 22-4. He began remodeling his rental property in March 2018 and would ultimately like to use Rentberry to find a tenant. *Id*.

On March 23, 2018, Plaintiffs filed a suit against the City of Seattle (the "City") for declaratory and injunctive relief. Dkt. # 1. Plaintiffs claim the ordinance violates their right to free speech under the First and Fourteenth Amendments. *Id*. On August, 17, 2018, Plaintiffs moved for summary judgment. Dkt. # 22. On September 13, 2018, the City filed a cross-motion for summary judgment and a response to Plaintiffs' motion. Dkt. # 26. Plaintiffs filed their response on October 4, 2018 and the City filed their reply on October 18, 2018. Dkt. ## 29, 31.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc*., 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out

ORDER – 2

to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

## IV. DISCUSSION

The City argues in their motion that this case is not justiciable, and, in any event, the ordinance regulates nonexpressive conduct. Dkt. # 26 at 13-19. Plaintiffs claim in their motion that the ordinance cannot survive any First Amendment analysis. Dkt. # 22.

### A.   Standing

On a motion for summary judgment, "a plaintiff must establish that there exists no genuine issue of material fact as to justiciability or the merits." *Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 329 (1999). Accordingly, a plaintiff must support its allegations of injury by affidavit or evidence of specific facts. *Snake River Farmers'*

ORDER – 3

*Ass'n, Inc. v. Dep't of Labor*, 9 F.3d 792, 795 (9th Cir. 1993).

Here, Plaintiffs assert that Wysingle suffered a concrete injury to his speech rights, as he is unable to solicit or receive bids for his rental property because of the ordinance. Dkt. # 29 at 2. To show that he has standing to seek an injunction, Wysingle filed a declaration stating that he intended to use Rentberry to advertise his property and would have done so but for the ordinance. *Id*. at 7. Plaintiffs also claim that Rentberry has standing because (i) it has a First Amendment interest in disseminating its proprietary software and (ii) it has third-party standing on behalf of its users. *Id.* at 11-13.

In disputing standing, the City contends that Wysingle is not, nor has he ever been, a member of Rentberry; that he did not have a rental house ready to list at the time the Complaint was filed; and that he currently does not have a house ready to list on Rentberry. Dkt. # 26 at 15; Dkt. # 27-8 at 13-14; Dkt. # 31 at 1. Furthermore, because Wysingle rented out his property after the lawsuit was filed, the City argues that any potential claim he has is now moot. Dkt. # 26 at 16-17. As for Rentberry, the City claims that the ordinance only covers landlords and potential tenants, and thus does not cause Rentberry any injury. *Id.* at 17-18. According to the City, neither plaintiff has standing.

To invoke the jurisdiction of the federal courts, a plaintiff must establish standing, which consists of three elements: (1) injury-in-fact; (2) causation; and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Because "[c]onstitutional challenges based on the First Amendment present unique standing considerations," plaintiffs may establish injury in fact without first suffering a direct injury from the challenged restriction. *Lopez v. Candaele*, 630 F.3d 775, 783 (9th Cir. 2010); *Ariz. Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1001, 1006 (9th Cir. 2003).

When First Amendment plaintiffs sue before violating a statute, the Ninth Circuit looks at several factors in determining standing. These include whether plaintiffs have shown a reasonable likelihood that the government will enforce the challenged law against them; whether plaintiffs have established, with some degree of concrete detail, that they

ORDER – 4

intend to violate the challenged law; and whether the challenged law is applicable to plaintiffs, either by its terms or as interpreted by the government. *Lopez*, 630 F.3d at 786; *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (requiring showing of "realistic danger"). Pleading the mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 657 (9th Cir. 2002) (quoting *Stoianoff v. Montana*, 695 F.2d 1214, 1223 (9th Cir. 1983)). Rather, a plaintiff must allege he or she "is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury is both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotation marks and citations omitted). For injunctive relief, which Plaintiffs seek here, there must be a showing of a real or immediate threat of an irreparable injury. *Cole v. Oroville Union High Sch.*, 228 F.3d 1092, 1100 (9th Cir. 2000) (internal quotations and citations omitted).

### i. Wysingle

Wysingle argues the ordinance applies to landlords like him and restricts his ability to solicit or receive bids. Dkt. # 29 at 6-7. He claims this violates his First Amendment speech rights. *Id.* Wysingle adds that the declaration he submitted with the Complaint shows his intent to use Rentberry's bidding platform and that the threat of enforcement is clear from the City's website. *Id.* (citing *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001)). Wysingle submits that these facts, taken together, demonstrate that he has standing for injunctive relief.

The Court does not agree. The facts demonstrate that at the time the lawsuit was filed Wysingle was not a member of Rentberry and his rental house was under renovations. Dkt. # 30-1 at 4, 8. Even several months into the lawsuit, Wysingle testified that he could not say exactly when his rental home would be available and the best he could do was speculate. Dkt. # 30-1 at 3 ("I'm at the mercy of the contractors. They are very busy right

ORDER – 5

now, and so as soon as they finish, I will list, I'm guessing by the end of the month."). As the Ninth Circuit has explained, "some day" intentions without specificity do not support finding an "actual or imminent" injury. *Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1140 (9th Cir. 2000). Accordingly, Wysingle's expressed intention to use bidding technology—if and when renovations are complete on his rental property, or if and when he joins Rentberry or some similar site—do not qualify as a concrete plan. *Lopez*, 630 F.3d 775; *Thomas,* 220 F.3d at 1140 (explaining the landlords' intent to violate law prohibiting discrimination based on marital status "if and when an unmarried couple attempts to lease one of their rental property" insufficient to confer standing).

Plaintiffs nonetheless claim that Ninth Circuit's decision in *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001), warrants finding that Wysingle has standing here. The Ninth Circuit found in *Clark* that a cabaret owner whose business closed due to an ordinance had standing to seek an injunction. 259 F.3d at 1008. The alleged harm was actual and imminent because, despite the cabaret closing, the owner continued to hold all licenses needed to operate and stated unequivocally that he would go back into business if the ordinance were enjoined. *Id.*

The Court finds the facts here distinguishable from those in *Clark*. The cabaret owner in *Clark* had been operating a business at the time of ordinance, had recently gone out of business because of the ordinance, and stated unequivocally that he would go back into business if the ordinance were enjoined. By contrast here, at the time of the lawsuit, Wysingle had never used a bidding platform to rent a property and his lone rental property was under renovations with no certain time for completion. Additionally, Wysingle had not created an account on Rentberry or another site that used bidding technology. Dkt. # 30-1 at 8 ("I haven't used Rentberry, so I don't know how they lay it out. . . . I'm not a member on the website, so I don't know what the layout is."). Under these facts, the Court concludes that Wysingle's claimed injury is not immediate and thus insufficient to seek injunctive relief.

ORDER – 6

### ii. Rentberry

Rentberry claims that it has standing in its own right as well as third-party standing on behalf of its users. The Court disagrees because Rentberry has not shown injury in fact.

Both traditional and third-party standing require a plaintiff to show an injury in fact. *See, e.g.*, *Sec. of State of Md. v. Joseph H. Munson Co., Inc.*, 467 U.S. 947 (1984) (explaining that the crucial issue is whether the plaintiff satisfies the "injury-in-fact" requirement before asserting the rights of third-party). While third-party standing generally requires some hindrance to a third-party in protecting its own rights, the Supreme Court has expressed a reluctance to strictly adhere to this requirement in the First Amendment context. *Id.* Nonetheless, the Supreme Court still requires an injury to the purported plaintiff. *Id.* There is no evidence before the Court to conclude that Rentberry meets this requirement.

On its face, the ordinance only applies to landlords and tenants and thus does not regulate Rentberry's conduct. *See Lopez*, 630 F.3d at 788 (indicating that claims of future harm lack credibility when the challenged speech restriction by its terms is not applicable to the plaintiffs, or the enforcing authority has disavowed the applicability of the challenged law to the plaintiffs). The City's interpretation of the ordinance further confirms its inapplicability to Rentberry. Dkt. # 28, ¶¶ 5, 6. Rentberry explains, however, that its auctioning technology "cannot be turned off," and so it chose not to open its website to the Seattle market. Dkt. # 29 at 12. But again, the ordinance does not restrict Rentberry from operating within the city limits and self-censorship alone does not constitute injury for standing purposes. *See Laird v. Tatum*, 408 U.S. 1, 13 (1972) (subjective chill is not a substitute for objective harm or threat of future harm). Rentberry's other purported injury—the right to disseminate its propriety software—is likewise not prohibited by the ordinance and is not supported by the facts. Indeed, Rentberry fails to specify by declaration or otherwise any of its business relationships or users impacted by the ordinance. *Sec. of State of Md.*, 467 U.S. at 950-51 (third-party standing met where

ORDER – 7

plaintiff identified specific customers impacted by state regulation and the impact of the regulation on the parties' business relationships). Rentberry only declares that "Seattle is one of the key markets . . . since 42% of residents rent their homes." Dkt. # 22-5 at 4. The Court finds Rentberry's injury is speculative at best.

Finally, Rentberry makes one last argument in support of standing—that it was specifically targeted by the ordinance and thus it is permitted to seek redress. Dkt. # 29 at 13 (citing *Melendres v. Arpaio*, 695 F.3d 990, 999 (9th Cir. 2012)). However, this argument fails for the reason as the others do: Rentberry must still demonstrate an injury tied to the government regulation. *See Melendres*, 695 F.3d at (affirming plaintiffs had standing to bring constitutional claim where government policy targeted them for seizure in violation of the Fourth Amendment). For the reasons stated, the Court finds the injury in fact requirement has not been met. Because Rentberry fails to show that it has standing as a matter of law, its claim must be dismissed.

**B.     First Amendment**

Even assuming Plaintiffs had standing, their First Amendment claim would fail. Plaintiffs argue that the ordinance bans protected speech. The relevant provision reads: "Landlords and potential tenants are prohibited from using rental housing bidding platforms for real property located in Seattle city limits." SMC § 7.24.090.A. Plaintiffs argue the ordinance infringes on their First Amendment right to communicate prices or post advertisements on a "rent-bidding website." Dkt. # 29 at 13.

"[R]estrictions on protected expression are distinct from restrictions on economic activity or, more generally, on nonexpressive conduct." *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011). Accordingly, "the First Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech." *Id*. The "threshold question is whether conduct with a 'significant expressive element' drew the legal remedy or the ordinance has the inevitable effect of 'singling out those engaged in expressive activity.'" *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 408 (9th

ORDER – 8

Cir. 2015).

The Court finds the ordinance regulates conduct, not speech. It prohibits the use of a bidding platform to conduct a rental transaction, an activity which courts in this circuit have found to lack a significant expressive element. *See, e.g.*, *Airbnb, Inc. v. City and Cnty. of San Francisco*, 217 F.Supp.3d 1066, 1076 (N.D. Cal. 2016) (finding short-term rental transaction lacks significant expressive element); *Homeaway.com, Inc. v. City of Santa Monica*, 2018 WL 1281772, at *5 (C.D. Cal. Mar. 9, 2018) (same); *see also Int'l Franchise Ass'n, Inc.*, 803 F.3d at 409 ("A business agreement or business dealings between a franchisor and a franchisee is not conduct with a 'significant expressive element.'"). To be sure, the ordinance makes clear that "[m]erely publishing a rental housing advertisement" does not transform a person or website to a "rental housing bidding platform." Dkt. #22-1 at 6. It is also clear from the record that the ordinance was "not motivated by a desire to suppress speech" and does not have "the effect of targeting expressive activity." *Int'l Franchise Ass'n, Inc.*, 803 F.3d at 409; *see also Simon & Schuster, Inc. v. Members of N.Y. State Crime Victims Bd.*, 502 U.S. 105 (1991) (noting movies, books, magazine articles, tape recordings as examples of classic expressive activity). Ultimately, the Court finds that the ordinance does not meet threshold conditions to require additional First Amendment analysis. The City is entitled to summary judgment.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiffs' motions. Dkt. ## 22, 26.

DATED this 15th day of March, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 9